1

2                                                                    "O"

3

4

5

6

7

8
                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11  CARMEN MACIAS,                    )    Case No. CV 05-1026 AN
                                      )
         Plaintiff,                   )    MEMORANDUM AND ORDER
12                                    )
         v.                           )
13                                    )
    JO ANNE B. BARNHART,              )
14  COMMISSIONER OF THE SOCIAL        )
    SECURITY ADMINISTRATION,          )
15                                    )
         Defendant.                   )
16  ───────────────────────────────  )

17

18                      I. **INTRODUCTION**

19        Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final

20  decision of the Commissioner of the Social Security Administration (the

21  "Commissioner") denying her claims for disability insurance benefits ("DIB") and

22  supplemental security income ("SSI") under Titles II and XVI of the Social Security Act

23  ("Act").  Both parties have consented to proceed before the Magistrate Judge.  Pursuant

24  to the Court's Case Management Order, the parties have filed a joint stipulation and

25  request for an order summarily deciding issues concerning remand and/or immediate

26  payment of benefits ("JS").

27  / / /

28  / / /

                              Page 1

## II. BACKGROUND

1

2     Plaintiff was born on September 3, 1943, and was 60 years old at the time of the

3 administrative hearing. [Administrative Record ("AR") at 22, 71.] Plaintiff attended

4 school through the fifth grade in Mexico and has past work experience as an overlock

5 sewing machine operator. [AR at 22.]

6     Plaintiff filed applications for DIB and SSI on December 30, 2002. [AR at 21, 71-

7 73, 293-95.] Plaintiff claims that she has been disabled since October 3, 2000, due to

8 diabetes, high blood pressure, arthritis, poor vision, and injuries to her back and neck.

9 [AR at 22.] Plaintiff's applications were denied at the initial and reconsideration levels.

10 [AR at 49-52, 54-59, 297-300, 302-306.] At Plaintiff's request, a hearing was held before

11 an Administrative Law Judge ("ALJ") on December 10, 2003. [AR at 26-46.] On

12 January 2, 2004, the ALJ issued a decision denying Plaintiff's applications for benefits.

13 [AR at 21-25.] When the Appeals Council denied review, the ALJ's decision became the

14 final decision of the Commissioner. [AR at 5-7.] Plaintiff then commenced this action

15 for judicial review.

16

17 ## III. DISCUSSION

18 **A.**     **Standard of Review**

19     This Court must review the record as a whole and consider adverse as well as

20 supporting evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The

21 Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled

22 must be upheld if the ALJ's findings are supported by substantial evidence in the record

23 and the proper legal standards were applied. *See Curry v. Sullivan*, 925 F.2d 1127, 1129

24 (9th Cir. 1990). The harmless-error rule applies. *Id.* at 1131. "Substantial evidence

25 means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*,

26 881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human*

27 *Services*, 846 F.2d 573, 576 (9th Cir. 1988). It is further defined as "such relevant

28 evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see*

Page 2

*also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971). The ALJ is responsible for determining credibility, resolving conflicting testimony, resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir. 1996). Consequently, inferences and conclusions as the ALJ may reasonably draw from the evidence are upheld. *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

To collect DIB or SSI benefits, Plaintiff must suffer from a "disability." 42 U.S.C. §§ 423(a)(1)(D); 1382(a). To be disabled within the meaning of the Act, a claimant must suffer from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A); 1382c(a)(3)(A). The impairment must be of "such severity that [the claimant] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B). The claimant has the burden of showing that she or he is disabled. 42 U.S.C. §§ 423(d)(5); 1382c(a)(3)(H)(i); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990).

**B.    The Five-Step Sequential Analysis**

The Social Security Regulations use a five-step sequential analysis for making DIB and SSI disability determinations. 20 C.F.R. §§ 404.1520, 416.920. The first step asks whether the claimant is working. The second step asks whether the claimant has a "severe" impairment, which is defined as an impairment which "significantly" -- more than minimally -- limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154,  107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). However, this step two determination is "'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th

Page 3

Cir. 2001) (internal citations omitted).  The third step asks whether the claimant has an impairment which meets or equals the criteria of any impairment identified in the appendix to the Social Security Regulations commonly referred to as the "Listings." *Id.*

The fourth and fifth steps require that the ALJ assess the claimant's residual functional capacity ("RFC").  RFC is a determination of a claimant's remaining abilities to perform work.  20 C.F.R. §§ 404.1545, 416.945(a). In determining a claimant's physical limitations, the ALJ considers the claimant's ability to lift weight, sit-stand, push-pull, etc. 20 C.F.R. §§ 404.1545(b), 416.945(b).  Mental, environmental and other limitations such as the ability to see and hear are also part of the RFC determination.  20 C.F.R. §§ 404.1545(c) and (d), 416.945(c) and (d).  A claimant's limitations are categorized as either exertional or non-exertional; exertional limitations are those based upon strength considerations alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989).  Non-exertional limitations are unrelated to strength and include "mental, sensory, postural, manipulative, and environmental limitations."  *Id.*  The exertional requirements of work are classified as sedentary, light, medium, heavy and very heavy.  20 C.F.R. §§ 404.1567, 416.967.

Once the RFC is determined, the fourth step asks whether the claimant can perform his or her past relevant work; at this step the claimant also has the burden of proving he or she is unable to perform past relevant work.

At the fifth step in the analysis, the burden shifts to the Commissioner to prove that the claimant, based on his or her age, education, work experience, and residual functional capacity, can perform other substantial and gainful work existing in the regional or national economy.  20 C.F.R. §§ 404.1520, 416.920.  The Commissioner can satisfy this fifth step burden by either (1) applying the Medical-Vocational Guidelines (the "Grids") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00, or (2) taking the testimony of a Vocational Expert ("VE"). *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988).  However, the Commissioner cannot rely upon the Grids and must use a VE where the claimant's non-exertional limitations are 'sufficiently severe' so as to

Page 4

significantly limit the claimant's ability to perform the full range of sedentary, light, or medium work. *Id*.

If the answer to any of the questions in the five-step analysis establishes the claimant is or is not disabled, the evaluation ends. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Bowen v. Yuckert*, 482 U.S. at 140.

In the decision denying benefits, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. [AR at 22.] While the ALJ found that Plaintiff suffers from the severe impairments of radiculitis, diabetes and hypertension, the ALJ determined that Plaintiff's impairments did not meet or equal one of the impairments in the Listings. [AR at 23.] In assessing RFC, the ALJ found that Plaintiff was capable of lifting and carrying 10 pounds frequently and 20 pounds occasionally, standing and walking six hours, and sitting six hours. [AR at 24.] The ALJ further found that Plaintiff could not crawl or engage in prolonged overhead use of the upper extremities. [AR at 24.] Based on Plaintiff's RFC, the ALJ determined that Plaintiff could return to her past relevant work as an overlock sewing machine operator. [AR at 24.]

**C.    Analysis of Disputed Issues**

Plaintiff asserts that the ALJ erred by: (1) improperly assessing Plaintiff's RFC; and (2) failing to fully develop the record. The Commissioner disagrees.

**1.    Plaintiff's RFC**

Plaintiff claims that the ALJ's assessment of her RFC is not supported by substantial evidence because the ALJ ignored evidence showing that she is no longer capable of performing her past work. [JS at 5-8.] In support of her argument, Plaintiff cites a Workers' Compensation vocational rehabilitation plan form ("rehabilitation plan") and letters from a Workers' Compensation claims manager. [AR at 104-10.] The rehabilitation plan reflects that on July 10, 2001, Ernest Washington, M.D. reported that Plaintiff was precluded from heavy lifting, repetitive flexion and/or abduction of the shoulder, and repetitive work at or above shoulder level. [AR at 104.] The claims

1    manager letters indicate that Dr. Washington found that Plaintiff would not be able to

2    return to her past work. [AR at 106, 108.] Based on Dr. Washington's findings, Plaintiff

3    was awarded 60 days of educational training as a floral accessories/floral arrangement

4    designer. [AR at 104-05, 108.][1/] Plaintiff asserts that the ALJ did not give proper

5    consideration to the rehabilitation plan or the claims manager letters.

6          In assessing Plaintiff's RFC, the ALJ adopted the findings and opinion of

7    consultative orthopedic surgeon Frank W. Cunningham, M.D. [AR at 23, 140-46.] Dr.

8    Cunningham examined Plaintiff in January 2003. [AR at 140-46.] During the

9    examination, Dr. Cunningham interviewed Plaintiff, administered a number of tests, and

10   reviewed x-rays of Plaintiff's cervical spine and left knee. [AR at 140-46.] Dr.

11   Cunningham diagnosed Plaintiff with "probable musculoligamentous injury, cervical

12   spine, right radiculitis, no radiculopathy," "minimal or mild carpal tunnel syndrome, right

13   and left wrists," and "right heel pain, no objective findings." [AR at 145.] Dr.

14   Cunningham found that Plaintiff would be able to lift and carry 10 pounds frequently and

15   20 pounds occasionally, stand and walk six hours, and sit six hours, but that Plaintiff

16   could not crawl or engage in prolonged overhead use of the upper extremities. [AR at

17   146.] As Dr. Cunningham's opinion is based on independent clinical findings, it provides

18   substantial evidence upon which the ALJ properly relied. *See Andrews*, 53 F.3d at 1041

19   (ALJ may credit opinion of nontreating source based on independent clinical findings

20   over treating physician's opinion)(citing *Magallanes*, 881 F.2d at 751).

21         Further, an ALJ is not required to discuss all evidence presented, but must only

22   explain why significant, probative evidence is rejected. *See Vincent v. Heckler*, 739 F.2d

23   1393, 1394-95 (9th Cir. 1984). Here, the rehabilitation plan and claims manager letters

24   address Plaintiff's ability to work under Workers' Compensation standards. Thus, any

25   error in the ALJ's consideration of this evidence was inconsequential. *See Macri v.*

26   *Chater*, 93 F.3d 540, 544 (9th Cir. 1996)(finding that Workers' Compensation disability

27

28         [1/]    The record does not contain a copy of Dr. Washington's report.

1   ratings are not controlling in disability cases decided under the Act, and terms of art used

2   in Workers' Compensation guidelines are not equivalent to Social Security disability

3   terminology); *Curry*, 925 F.2d at 1131 (applying the harmless error rule to administrative

4   decisions regarding disability).

5          **2.     Duty to Develop the Record**

6          Plaintiff asserts that the ALJ erred by not obtaining additional Workers'

7   Compensation medical records.  This claim also fails.  While an ALJ does have a duty

8   to fully develop the record, *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), this

9   duty is only triggered when the record presents ambiguous or inadequate evidence to

10  allow the ALJ to reach a decision.  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir.

11  2001).   The record in this case provides sufficient evidence to support the ALJ's

12  determination that Plaintiff was capable of returning to her past work.  As discussed

13  above,  Dr. Cunningham's opinion provided substantial evidence in support of the ALJ's

14  assessment of Plaintiff's RFC.  In addition, the VE testified that a person with Plaintiff's

15  RFC would be able to return to work as an overlock sewing machine operator, as that job

16  is generally performed in the economy.  [AR at 24, 41]; *Pinto v. Massanari*, 249 F.3d

17  840, 844 (9th Cir. 2001)(explaining that in Social Security cases, a claimant will be found

18  not disabled if she is able to perform her past work as she actually performed it or as it

19  is generally performed in the economy).  Thus, the record was neither ambiguous nor

20  inadequate to allow for proper evaluation of the evidence.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**IV.  CONCLUSION**

2        Accordingly, the Court finds the ALJ's determination of non-disability is free of

3   legal error and supported by substantial evidence in the record.  Therefore, Plaintiff's

4   request for an order directing the payment of benefits or remanding this case for further

5   proceedings is DENIED, and the Commissioner's request for an order affirming the

6   Commissioner's final decision and dismissing the action is GRANTED.  The clerk shall

7   enter judgment, close the file and terminate all pending motions.

8

9

10  DATED: April 24, 2006            /s/ Arthur Nakazato
                                  ARTHUR NAKAZATO
11                                UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28